Good morning. May it please the Court, my name is Bob Henry. I represent the three title insurance companies which are the appellants in this action. The trial court below entered two separate orders which together terminated this case before reaching the merits. We're asking that both those orders be reversed. Counsel, if Williams is read the way you think it should be, then the denial would lead to amend. It doesn't matter. Is that correct? That's correct. So really what it's all about is how to construe Williams. I believe Williams is absolutely paramount here. Both the Ninth Circuit decision and the Supreme Court decision are... Subsequent to the Supreme Court decision in Williams, have we or any other circuit construed it one way or another in factually parallel circumstances? I have not found such a case. And in this case, am I correct in understanding the title companies paid the tax due and sued in district court for a refund? That is correct. They did so under protest and under compulsion, as in the Williams case, in order to... Sure, just like any taxpayer does in order to get into district court instead of the tax court to get a refund. That's correct. However, didn't Congress enact a statute that said the only means for this determination, that is, the determination of whether the lien was properly applied, was by a bonding back certificate of discharge and action in district court under the statute? That's the position of the government, certainly, that that becomes... Would you please? Because if that's the exclusive remedy, I feel sorry for you because you did your best, paid the tax, et cetera. But if that's the exclusive remedy according to Congress, then that removes our jurisdiction. Your Honor, I do not believe that Congress said that. Certainly, Judge Robart, below in the trial court, considered that in the case of the Arkin Senator being excluded. Doesn't the statute say this is the only way that... Let me take a look at that. This is the only way that one can sue or something that rewards that effect? I believe that the... What Congress did was to add... Here it is. Go ahead. Section 7426, 26 U.S.C. 7426A4. No other action may be brought by such person for such a determination. That was added in 1998. That was valid and enacted by the time you paid the tax and sued for a return. Correct? It was... You offered to settle for 50,000 in 1997. That was rejected. That's correct. And for a very good reason. After all, in the merits of this case, your predecessor in title, or rather your insurer's predecessor in title, and I fully agree that you're equitably segregated, your insurer's predecessor in title, Mrs. Jensen, had in 1994 agreed with the INS that there should be a revaluation of the frisco-free stock. True? That is true. And she had agreed to pay $184,000. True? That is true. That issue was closed. You couldn't relitigate that. Yes. Actually, there was no closing agreement, so the issue remains open. The issue remained open... For as long as the tax remained unpaid, the issue remained open. There was no closing agreement. So your position is if there were no closing agreement, then the $184,000 wasn't a settlement agreement? That's correct. All right. It was a result of an audit, and it resulted in partial payments under a payment schedule. Well, but she had agreed to make the payments of $184,000 under a payment schedule. Yes, she did. And you say, in addition, there has to be a closing agreement in order to bind successors in interest? I believe there has to be a closing agreement in order to bind successors in interest. The question is, does the IRS, by any chance, have the authority for that? I'm afraid I don't have that at my finger tips, Your Honor. Does the IRS not give people closing agreements when they arrange for payments on terms? It says you pay on terms, and our routine is we would ordinarily close the case then? It's my understanding, Your Honor, that the IRS routinely does provide a form of a closing agreement. What is your basis for understanding? What's the case of the regulation that says there is no final settlement unless there's a closing agreement? I'm all ears. I'm afraid I don't have that at my finger tips. I didn't think so. Now, secondly, do you have any case which says after the enactment in 1998 of 7426A4 that the language no other action may be brought by such person for such determination does not mean that you can't pay and sue in district court? Williams was decided in 1995, correct? Ninety-seven, I believe, Your Honor. Ninety-seven. All right. Same problem. That's correct. No, no. This language doesn't mean what it says it means. Do you have any case like this where rather than follow the sole procedure which Congress provided, somebody has paid the tax and sued for refund, and a court has I don't care if it's a district court. I don't care if it's a small claims court. Do you have any case that says you can do it the way you've done it rather than follow what Congress provided as no other action may be brought by such person for such determination? Your Honor, I would submit that the best cases would be the ones that Judge Robart decided in the evidence, excerpt of records beginning on page 151. He decided this issue and decided several cases for the negative implication that there is no such procedure. Did Judge Robart sign slide 157, did you say? Yeah. That were subsequent to the enactment of 7426A4. You have the Robinson v. United States. He cited Boyd v. United States on 1985 case. He cited Boyd again on 1985 case. I'm referring to page 11 of the order, of the March 7th order, in which the trial court, I believe correctly, cites the Wilson v. United States case, a 2004 decision. The Richmond v. United States case, holding that Section 6325 must be exhausted in order to satisfy the requirements, and the Cotat case. First of all, he said WWSM v. Investors v. United States. That's a 1995 case, right? That's correct. Then he cites Mealy v. United States, which I take as an unpublished case, District of Oregon. Tell me the facts in Mealy. Was there a payment of tax in the suit for reimbursement? I do not, no. All right. Thank you. Without other questions, I'll reserve the remaining time. Did you have a question? No, go ahead. Thank you. Good morning, may it please the Court. I'm John Tudak. I represent the government. I'd like to comment on the 7426b-4. It has to be read in conjunction with 6325b-4. As I look at the 6325b-4 language, it talks about the request of the owner of any property. So it might be argued that the title companies here, they do not own this property. But aren't they equitable subrogates? I mean, isn't the owner of the property that kind of a reading rather restrictive of the economic realities which are involved? When I read the legislative history, though, it contemplates, I mean, this provision was enacted in the wake of Williams, and it was designed to fill the gap. Then you would be faced, if the owners of the property who bought it from Jensen were the claimants here, you'd say, wait a minute, you have no standing, you didn't pay the taxes. I guess I'm saying the owners, the homeowners should have paid the tax. And if they paid the tax, they'd have a long list of remedies. Why do you think they bought title insurance? To avoid paying the tax. Come on. I know you're required to argue these points. Right. But let's go to 7264a-4. But you have to go there. Don't you have to go there in conjunction with the other statute? You have to administratively go through the IRS procedure. Why do you have to go to 7426? I'm having trouble seeing why this case is materially different from WWSM investors. And that says 1346 is just an alternate route. And you don't even have to go through 7426, if I understand it right. Okay. So let's assume we have a Williams. Let's go back to our case and assume we have a Williams type. No, no, no. No, you don't understand my question. Okay. Don't assume it's a Williams case. Show me how or why Williams should be distinguished from this case. Well, again, in Williams, it was the owner of the property. I'm sorry. I misspoke. Why WWSM investors should be distinguished from this case? Well, that was a levy. That involved a levy. It was a levy on some of the taxpayer's own property. I mean, there were like four different factual patterns in WWSM. What? In the Williams part of it, I think, related to the levy that was on the taxpayer's son. I mean, I think it's factual. I really think it's factually distinguishable from the Williams. Well, it may be factually distinguishable, but the taxes were paid. You know, the amounts were paid. And the contention is that they were illegally assessed. And why under 1346 shouldn't this appellant be able to challenge them? Well, again. It's unfair here. Going back to Williams. Yes. Going back to Williams. In Williams, the property owner had a lien on the property and brought suit. In this case, the homeowners, they had liens on their property, but they didn't bring suit. The title companies brought suit. The IRS didn't take any actions against the title insurance company. It was taking actions against the homeowners. So to fit into the Williams pattern, you have to be. On both of these cases, the way you have attempted to distinguish them is you have shown that there are some factual differences. And there are. But I do not understand why, in terms of the rationale of either Williams or WWSM, any of these factual distinctions are material. It appears that the distinctions are like trying to distinguish one assault case from another on what color sweater the defendant was wearing. It's factually distinct, but it doesn't matter. Are you going to the procedural aspects of the merits of the taxes assessment? I'm asking you. I don't have to prove anything to the IRS today. So I'm asking you, show me the material distinction between Williams and WWSM in this case. We didn't brief this issue. Could I send a letter? We didn't brief this issue. This is what the case is about. You say 7426. They say, no, 1346 is fine. And these are the controlling Supreme Court and Ninth Circuit decisions. So just tell me. I just don't think that the Ninth Circuit decision in WWS is applicable here. Because there you had the owners, and here you have somebody who is basically in the shoes of the owners? Well, they're in the shoes because of a contractual arrangement. But that's not the same. Why isn't that good enough? That's not the same as having a lien on your property. It's not the same. Why should the difference matter? Well, for one thing, sovereign immunity has to be strictly construed in favor of the sovereign. Rather than have a liberal interpretation of the statute, the refund statute, if there are two alternative constructions, you have to go with the conservative construction of the statute in favor of the sovereign. That's Nordic village. What is more conservative than the idea of equitable separation? It's been around since St. Thomas More was chancellor. Well, let me talk about equity. The estate, on the merits of the tax assessments, the estate negotiated a settlement with the IRS years ago. The statute of limitations is right. Now, that's another issue. Right. And that may be a very good end. I think the estate. Do you agree with your opposing counsel that the determination of the tax is not binding on successors and interests of the land because no closing agreement was signed with the IRS? No. The statute of limitations is right for both parties. It seems like it's over. Right? That's over. What is the statute of limitations? Five years? I think it's three years from the filing of the return unless it's extended. I'd like to mention something about the chain of title. The title companies say that they didn't know that an estate was involved here, but one of the deeds to the homeowners, the one to the MOATs. It doesn't make any difference. Was from the executor. Well, it doesn't make any difference. The buyers knew they were buying from the estate. They were probate sales, right? I mean, they weren't open hearing. It wasn't bidding. It was a nonintervention decree, but they knew they were buying from Mrs. Jensen. They were buying the mother's house, right? But the companies took the position in the litigation that they didn't know that there was an estate. And I don't think the record does not support that on the chain of title. If you went back, it was easy to determine that this property came from an estate. Do you take the position that 7426A4, enacted in 1998, trumps everything and makes this statement, no other action may be brought by such a person for such a determination, and the taxpayer here or the plaintiff didn't follow that? Your Honor, I have problems because the related statute says owner of the property. So one could argue that Congress. But if he's taking the position that he's in the boots of the owner of the property, right? Well, that would be the only action that he can take, right? That would be the argument that one can make. But the legislative history doesn't, it seems to contemplate the person having. Let me ask you a precise question. If we agree that owner includes the equitable subrogate, if we agree with that. Right, which I don't agree with. I understand that. Right.  Right. Now, if we do agree with that, then shouldn't this language of 7426A4, that no other action may be brought by such person. That would be in a citation that involved what appeared to be a parallel situation to the city of Richmond case. Is there some general federal prohibition on subrogation? Do you have some statute or something? It's difficult with tax liability because of sovereign immunity as to who pays the tax. If somebody else pays the tax. I'm familiar with the concept of sovereign immunity. Right. But it's very difficult. What I ask you is something different. You know what subrogation is? I do. Is there some statute or established federal law principle that bars subrogation with respect to the U.S. government? I don't know the answer to that. It would come up most often in personal injury cases under the Federal Tort Claims Act, actually, where an insurance company pays somebody's medical bills and they're subrogated. You don't know how that goes. Tax has very specific rules. The person paying the tax usually has to bring the refund suit. And if somebody else pays, it's dismissed for lack of jurisdiction. The title company did pay. They did. But the title company is not the owner and that's the sum of your position. Okay. Under Williams, they don't meet the factual circumstances. Okay. Thank you very much. Thank you. I'd like to just briefly emphasize the second leg of this case, because to make wish to sue, our suit for refund was both for erroneous assessment and for erroneous collection. And we lost out on the erroneous collection when the trial court found that the lien had not been divested by the evidence of the payment to discharge debts and expenses of the administration because it had not been allowed by the State Court of Competent Jurisdiction. I believe that the mistake there was to substitute, conflate the terms allowed and approved. If the statute said for the lien to be divested, it has to be approved by the court, then I think it would be a good argument that we would have to, my client would have had to go into court and have that. Where in the record is there any evidence that Mrs. Jensen sold these $3,000 exclusively to pay for the expenses of administration? Your Honor, in order to – that was our burden to resist that on summary judgment. And in order to establish that on page 33 of our brief, I've listed the evidence from the record. Of your brief. Which shows the most expensive of the three houses was sold for $250,000. All but $1,000 of that went to third parties, such as mortgagees. That's not expenses of administration. Well, if an estate owns – Mortgagees and expenses. Well, if an estate owes a mortgage – I mean, if you sell your house for $250,000 and $200,000 goes to the bank on the mortgage, you're not even dead, so you don't have an expense of estate administration. Well, recall, Your Honor, that the statute says expenses of administration or charges against the estate, which meant that all the mortgages satisfied at the closing of these three houses were charges against the estate. Further, if an estate owns real property – Anything the estate owes is like an expense of administration. Anything that an estate has to pay in order to liquidate its assets is – all the closing costs would be expenses of administration. So everything falls in that category. Certainly. Certainly, except money that went to the heirs. Except the residue that goes to the heirs. I think the purpose – Congress's purpose here is to make sure that the property is not unfairly taxed twice. In other words, a mortgage on a house has priority over the government's lien. Likewise, the closing costs do. The taxes, the excise taxes, the state taxes do. The IRS comes after all of those. The IRS should not be allowed to jump ahead of them by taking equity from the house that has already been applied once to pay all those debts. So we believe that the list of expenses, $249,000 out of $250,000 from the record, we believe all of those, at least arguably. And, of course, we need to have a trial and have the careful tracing that's required. But those certainly create an issue of fact as to whether or not the lien has been divested from the real estate.  Thank you. Thank you. The matter just argued is submitted for decision.
judges: Schroeder, Kleinfeld, Bea